IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Michael J. McPartland | Case No. 3:13 CV 1340 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| George Cumberworth, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Michael McPartland, a federal prisoner, filed this action against Defendants George Cumberworth ("Cumberworth") and the Commissioner of Social Security ("Commissioner"). Plaintiff alleges that following his imprisonment, Cumberworth violated his constitutional rights by misappropriating an inheritance left to him by his mother and by converting his Social Security disability payments. He contends he asked the Social Security Administration to investigate Cumberworth's fraud, but his requests went unanswered in violation of his right to due process. He seeks monetary damages.

### BACKGROUND

In August 2008, Plaintiff pled guilty to nine counts of bank robbery. In December 2008, the court sentenced him to 76 months of imprisonment on each count, to be served concurrently. *See United States v. McPartland*, No. 3:08–cr–00208-DAK (N.D. Ohio). He is currently incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").

Plaintiff alleges that prior to his imprisonment, he lived with his first cousin, Cumberworth. During that time, Plaintiff collected approximately $1,500 monthly in Social Security disability income. Additionally, he contends that in July 2008, his mother died leaving him a total of $2,693.68. After Plaintiff executed a power of attorney in December 2008 authorizing Cumberworth to "conduct business entrusted to him[,]" Cumberworth purportedly misappropriated Plaintiff's funds by making several withdrawals from Plaintiff's bank account through May 2009 (Doc. 1 at 2–3). Plaintiff claims Cumberworth, in doing so, denied Plaintiff his "right to pursue happiness" and his "right to privacy" (Doc. 1 at 3).

In June 2010 and February 2012, Plaintiff sent letters to the "Social Security Legal Department" in Toledo, Ohio, the Toledo Police Department, and the United States Attorney's office in Toledo, requesting an investigation into Cumberworth's fraud. He alleges he received no response to his letters. As a result, he filed this action to address the Commissioner's deprivation of his due process rights.

Plaintiff seeks $214,500 in damages, including the "monies owed him thru embezzlement and monies requested due to the pain and suffering over the last 5 years endured above [*sic*] Plaintiff[']s incarceration" (Doc. 1 at 4).

### STANDARD FOR DISMISSAL

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

2

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Id.* at 327. A plaintiff fails to state a claim upon which relief may be granted when that claim lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

### *Bivens* Action

Plaintiff has not asserted a viable claim against the Commissioner. Plaintiff only faults the Commissioner for "fail[ing] to respond to repeated requests from Plaintiff to investigate and acknowledge that in fact funds due [him] in the form of Social Security Disability [Insurance] checks were later fraudulently acquired and spent by Cumberworth," an asserted due process violation (Doc. 1 at 3). This Court construes that claim as one brought under the theory in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 396 (1971). *Bivens* actions, however, do not extend to federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994); *see also Kentucky v. Graham*, 473 U.S. 159, 166

(1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Plaintiff has failed to state a cause of action against the Commissioner.

### Civil Rights Claims Against Cumberworth

In addition, Plaintiff has not established a claim against Cumberworth under 42 U.S.C. § 1983. To establish a prima facie case under Section 1983, Plaintiff must assert a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted "under color of state law," defendant must be a state or local government official or employee.

Plaintiff does not allege Cumberworth is a government official or employee. A private party may only be found to have acted under color of state law to establish the first element of this cause of action when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that the party's actions may properly be characterized as a "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). Plaintiff has not set forth facts to suggest Defendant Cumberworth is, in fact, a state actor under either standard.

### State Law Claims

Finally, the Complaint may be liberally read to assert common law claims for fraud and conversion against Cumberworth. However, to the extent Plaintiff seeks to invoke the diversity jurisdiction of this Court, the Complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff must state all parties' citizenship, so the existence of complete diversity can be confirmed. Plaintiff must

also establish the amount in controversy. *See Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645–46 (6th Cir. 2003) (citing *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999)).

A natural person's citizenship for purposes of diversity jurisdiction is his or her "domicile." *See Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994). "Domicile" is determined by physical presence in the state and either an intention to reside there indefinitely or the absence of an intention to reside elsewhere. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1994). A prisoner does not automatically acquire a new domicile when he or she is incarcerated in a different state. *Id.* at 1121 (noting "a person cannot acquire a domicile of choice in a place if he is there by virtue of physical or legal compulsion"). Rather, courts apply a rebuttable presumption that a prisoner retains the citizenship of the state in which he was domiciled prior to his incarceration. *Id.* at 1124.

Here, Plaintiff alleges Cumberworth is a resident of Ohio. Accordingly, in order to establish complete diversity jurisdiction, Plaintiff bears the burden of establishing his domicile is a state other than Ohio. Plaintiff has not satisfied this burden. While Plaintiff alleges he is presently incarcerated in New Jersey, he makes no allegations that: (1) New Jersey was his preincarceration domicile; (2) he considers New Jersey to be his current domicile; or (3) he intends to remain in New Jersey after his incarceration. To the contrary, Plaintiff specifically alleges in his Complaint that prior to his imprisonment he lived in Cumberworth's Toledo, Ohio home. This Court finds Plaintiff's domicile for diversity jurisdiction purposes is Ohio. Therefore, Plaintiff failed to establish complete diversity jurisdiction pursuant to Section 1332.

Because Plaintiff fails in his attempt to state a federal claim, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367 ("The district courts

may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

Accordingly, Plaintiff's Motions to Proceed *In Forma Pauperis* (Docs. 2 & 3) are granted, and this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

               s/ *Jack Zouhary*
               JACK ZOUHARY
               U. S. DISTRICT JUDGE

October 28, 2013